**John W. JOHNSON, Jr., Administrator of the Estate of Andrew C. Wong, Deceased, Plaintiff,**

v.

**Michael Wayne WORLEY, Defendant.**

**Civ. A. No. 72-C-29-C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Dec. 1, 1972.

William A. Perkins, Jr., Charlottesville, Va., for plaintiff.

Brian J. Donato, Taylor, Michie & Callaghan, Charlottesville, Va., for defendant.

RULING ON MOTION TO DISMISS

DALTON, Chief Judge.

This action was originally brought on October 19, 1972, jurisdiction found under § 8–633 of the Code of Virginia, the Wrongful Death Statute. The decedent, Andrew C. Wong, a British subject and resident of Hong Kong, was allegedly struck by a motor vehicle driven by defendant, while riding a bicycle near Shadwell, Virginia on August 5, 1971. The administrator of Wong's estate, John W. Johnson, a resident of Virginia, is bringing this action.

▮ The defendant has moved to dismiss this action because the court lacks jurisdiction over the parties and the subject matter since 1) defendant is a resident of the State of Virginia and 2) plaintiff has not shown that all potential beneficiaries under § 8–636 of the Code of Virginia[1] are not residents of the State of Virginia.

The defendant also informs the court that there is an identical action pending in the Circuit Court for the County of Albemarle, Virginia. Subsequent to the motion to dismiss, plaintiff moved to amend his complaint, which was granted by this court. Plaintiff stated in his amendment,

> Andrew C. Wong was unmarried and his surviving beneficiaries under Section 8–636 of the Code of Virginia, 1950 as amended, were; mother, Yiat

---

1. § 8–636—Amount and distribution of damages.

    The jury in any such action [wrongful death] may award such damages for solace as to it may seem fair and just, not exceeding twenty-five thousand dollars, and may direct in what proportion they shall be distributed to the surviving widow or husband and children and grandchildren of the deceased, or if there be none such, then to the parents, brothers and sisters of the deceased. Nothing shall be apportioned to the parents, brothers and sisters of the deceased, if there be a surviving widow or husband, children or grandchildren, but between members of the same class the jury shall have absolute discretion as to who shall receive the whole or any part of the recovery. . . .

Gah Yap, father, Ting Koui Wong, brothers, Chi-Ming Wong and Chi-Hzy Wong. All of the above are British subjects and domiciliary residents of Hong Kong.

The plaintiff has therefore shown that all potential beneficiaries under § 8–636 of the Code of Virginia are not residents of the State of Virginia. Since the defendant is a resident of Virginia, the requisite diversity of citizenship under 28 U.S.C.A. § 1332[2] has been established, with the damages alleged exceeding $10,000.

The Fourth Circuit decided recently in Miller, Admr. v. Perry, 456 F.2d 63, 68 (4th Cir. 1972) that "in determining the presence of diversity of citizenship when state law requires that the action be presented in the name of a resident administrator, the citizenship of the beneficiaries, rather than that of the administrator, is relevant." There is diversity between the defendant and the beneficiaries in the present case.

Regarding the civil action pending in the Albemarle County Circuit Court, in an answer filed on November 17, 1972, plaintiff states that this matter has been continued and that no action will be taken there prior to resolution of the issues presented before this court.

Accordingly, defendant's motion to dismiss on the ground of lack of jurisdiction is overruled.

The court now directs that all depositions, discovery or otherwise, and all stipulations, be taken and filed by the plaintiff and defendants relating to the case, after which a pre-trial conference will be held and a trial date fixed.

---

2. 28 U.S.C.A. 1332—Diversity of citizenship; amount in controversy; costs.

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State, and foreign states or citizens or subjects thereof; and

(3) citizens of different States and in which foreign states or subjects thereof are additional parties.